## City of Philadelphia v. Bergner et al.

*George P. Williams, Jr.,* of *Orr, Hall & Williams,* for appellants.

*Robert M. Green, Abraham L. Shapiro,* and *Abraham Wernick,* assistant city solicitor, contra.

KUN, J., April 19, 1943.—Under the authority of the Act of August 5, 1932, P. L. 45, the City of Philadelphia passed an ordinance, approved December 13, 1939, imposing what is commonly known as the wage tax. The constitutionality of the ordinance was attacked in numerous ways, in all cases upheld, and eventually in the case of City of Philadelphia v. Schaller, 148 Pa. Superior Ct. 276, was sustained as applying to a resident of Philadelphia who was a Federal employe at the Philadelphia Navy Yard. This decision was rendered March 13, 1942. On April 20, 1942, the Supreme Court of Pennsylvania refused an allocatur, and on October 12, 1942, the Supreme Court of the United States denied a petition for a writ of certiorari, 317 U. S. 649.

It appears that immediately thereafter notices were inserted in all newspapers by the receiver of taxes requesting all Federal employes residing in Philadelphia to make returns and arrange to pay the wage taxes due by them by November 15, 1942, in which event it was stated no penalties or fines would be imposed because of the delay in filing them, the city authorities recognizing that such delay was caused by the pendency of the litigation in which the question of the constitutionality of the ordinance had been raised. This was in harmony with the equitable principle announced in Fidelity-Philadelphia Trust Company's Appeal, 337 Pa. 34, 41, in which it was stated that where a taxpayer had in good faith questioned through legal proceedings the validity of the tax, thereafter sustained, "if the taxes are promptly paid . . . it would be inequitable to exact the penalties and interest" thereon. This principle was repeated, with reference to the imposition of the penalty of $100 and costs for failure of a taxpayer to pay the tax due under the wage tax ordinance under consideration, in Dole v. Philadelphia et al., 337 Pa. 375 (at page 384), in which the constitutionality of the ordinance was likewise sustained.

In these cases the appellants, all being residents of Philadelphia, though Federal employes, instead of promptly making their returns after the definitive ruling in the Schaller case, supra, persisted in their refusal to make returns or pay the tax, though many thousands of others similarly situated complied with that ruling. The city authorities waited another month and eventually, on December 21, 1942, more than two months after the Supreme Court of the United States denied a petition for a writ of certiorari in the Schaller case and after the publication of the notices in the newspapers above referred to, summonses were issued by the City of Philadelphia against a number of Federal employes, residents of Philadelphia, who had refused to file returns and pay the taxes. At the hearings thereon before Magistrate Lindell on December 29, 1942, a number of those summoned gave adequate reasons for failing to file their returns and pay the tax, and they were given the opportunity to file the returns at that time and pay the tax and costs and were on motion of counsel for the city relieved of the imposition of the fine of $100 in each case. The six appellants, however, though admitting knowledge of the rulings of the courts sustaining the ordinance and of the publication of the notices in the newspapers calling upon them to comply with the ordinance, persisted in their refusal to file returns and pay the tax; whereupon the magistrate imposed a fine of $100 and costs as provided by the ordinance on each of the appellants. The above appeals were thereafter taken to the courts of common pleas. The first appeal having been filed in this court, the other five appeals filed in other courts were, on petition, transferred to this court and consolidated for the purpose of considering the appeals together.

The basis of the appeals is that there is still litigation pending questioning the validity of the ordinance as applying to these defendants, in the case of Fred Bergner v. City of Philadelphia et al., in equity, in

Court of Common Pleas No. 7, as of December term, 1942, no. 1198. However, that litigation was instituted by one of the appellants here after the issuance of the summonses in the instant cases. After the actions were started against appellants under the ordinance in which they could raise any and all questions as to the validity of the tax, they could not thereafter create new litigation in another forum to raise those questions and then claim a sort of lis pendens. Appellants cannot reverse the order of things in any such way. They cannot create a lis pendens, nunc pro tunc, so to speak. At the time the summonses were issued against them there was no litigation pending in which the validity of the ordinance was being litigated in good faith by them or on their behalf. On the contrary, the matter has been decided against their contention by the Superior Court as far back as March 13, 1942, by the Supreme Court on April 20, 1942, by its refusal of an allocatur, and by the Supreme Court of the United States on October 12, 1942, by its denial of a petition for a writ of certiorari. Aside from these considerations, there is no merit in the contention that in the bill in equity filed by one of them they are raising a new "point". It would be intolerable to allow the frustration of the law on any such theory. On that basis litigation as to the legality of a tax could be continued indefinitely, because persons subject to the tax could successively institute proceedings concerning it on an alleged new "point" or contention. As pointed out in the Dole case, supra, at page 379, "When the validity of an act or ordinance is attacked and a decision rendered sustaining it, it is fair to assume that all constitutional questions involved have been decided, whether or not they were raised in the pleadings or mentioned in the opinion . . ." Moreover, the so-called new "contention" which appellants claim to have raised in the equity proceedings above referred to, instituted as we have pointed out subsequent to the commencement of the

instant proceedings against them, namely, that the wage tax is an excise tax, that is, a tax on the privilege of working for the United States Government, is entirely without merit. That the wages of residents of Philadelphia, though earned by employes of the United States Government, are subject to the tax was the very thing decided by the Schaller case, supra. In that case the resident was an employe of the Philadelphia Navy Yard. In the cases before the court, the appellant residents are employes at the Frankford Arsenal. There is no other difference between the cases.

The appeals in all the above cases are dismissed.